IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

THE TRAVELERS INDEMNITY COMPANY					PLAINTIFF

VS.					CIVIL ACTION NO. 3:05cv590-HTW-LRA

KUHLMAN ELECTRIC CORPORATION, ET AL			DEFENDANTS

and

THE HARTFORD ACCIDENT AND INDEMNITY
COMPANY, ET AL					INTERESTED PARTY DEFENDANTS

## **ORDER**

This cause is before the Court on "Plaintiff The Travelers Indemnity Company's Renewed Motion to Compel Discovery" [#188] filed on December 12, 2008. The extensive briefing reviewed by the Court includes those pleadings at docket numbers 188, 191, 193, 197, 199, 200, 201, & 202, along with the numerous exhibits to these documents. The undersigned heard argument of counsel on the discovery issues in controversy on February 11, 2009; supplemental briefing has since been submitted by the parties and reviewed by the Court. This review of the memoranda and the applicable authorities compels the undersigned to find that the motion to compel is not well advised and shall be denied for the reasons set forth below.

The history of this case is extensive, and it shall not be set forth herein in detail. Suffice to say, this is a declaratory judgment against the Kuhlman Defendants seeking to have the Court declare the parties' rights and duties under Travelers liability insurance policies issued or allegedly issued in the 1970's to Kuhlman Corporation ("Old Kuhlman") with respect to the Underlying Environmental Matters ("UEMs") identified in the Complaint. All of the UEMs alleged injuries resulting from contamination at sites where Old Kuhlman

did business involving the manufacture of electrical transformers, which used polychlorinated biphenyls (PCBs) as one of the key ingredients in the transformer oils. There were two sites in Michigan, one in North Carolina, one in California, and one in Mississippi (the Crystal Springs Site).  Kuhlman Defendants have dropped their indemnity claims as to the sites other than the Crystal Springs site.  The Kuhlman Defendants have filed a counterclaim against Travelers seeking reimbursement of approximately $39 million they have paid in settlement of the UEM claims.

Initially, the Kuhlman Defendants contended that discovery should be stayed pending the resolution of its motions to dismiss.  Judge Sumner stayed discovery at one point in the case, but Judge Wingate has since ordered that discovery proceed.  The dispositive motions have now been denied, the latest by Order of Judge Wingate [198] filed March 4, 2009.  Kuhlman now seeks to avoid indemnity related discovery because there are still four lawsuits pending against them pertaining to the Crystal Springs site. The Kuhlman Defendants do not claim that the documents are irrelevant, or privileged; they contend that they will be highly prejudiced in their defense of these claims if forced to provide discovery to Travelers before these claims are settled.

Also at issue is whether or not documents relating to the Michigan site that Kuhlman Electric Company owned in Bay City, Michigan, should be produced; Travelers has withdrawn its motion as to the remaining non-Mississippi sites.  The Kuhlman Defendants withdrew their request for coverage as to this site in July, 2005.  They contend that there is no longer a justiciable controversy regarding this site and that discovery relating to it is irrelevant.  Further, discovery from this site would be highly burdensome to produce and would not lead to the discovery of relevant, admissible

evidence. Plaintiff contends that such discovery is highly relevant to show the Defendants' collective knowledge, awareness and understanding about its company-wide waste disposal practices with respect to the chemicals and hazardous substances used in Defendants' manufacturing process and operations, as well as knowledge as to their historical operations and practices.

The undersigned has carefully reviewed the numerous pleadings relating to discovery in this case and the applicable authorities. All of the memoranda provided are well written and persuasive as to each side's position. This case has been on the docket for a long time, and the undersigned would ordinarily be inclined to expedite discovery and the ultimate resolution of the case. The case was filed almost four years ago, and Travelers' discovery requests were first propounded in December, 2005. However, the Kuhlman Defendants have convinced the undersigned that they should be protected from prejudicing their defense in the remaining UEMs still pending against them. Conversely, the Court finds that Plaintiff will not suffer prejudice by continuing to wait on the discovery relating to these cases. The discovery is certainly relevant to the ultimate issues and must be provided before this declaratory action may be resolved by this Court. Plaintiff is apparently *not* providing a defense to the claims and has not contributed any monies to the settlement of the claims. Further delay regarding this particular discovery will not prejudice it in this regard.

Travelers is attempting to prove that its insured intentionally caused the damage at the Crystal Springs site, just as the UEM claimants are attempting to do. The Kuhlman Defendants are defending themselves against the UEM claimants and, at the same time, defending their actions as against their own insurer. In the interest of justice, they should

be allowed to complete their defense of the UEMs before opening their files to their own insurer, particularly when their own insurer attempts to prove the same allegations against them as the UEM claimants in order to vitiate any coverage.

The Kuhlman Defendants have cited case law from various courts around the country confirming that courts routinely postpone discovery in coverage cases that might prejudice the policyholder in underlying tort actions until those actions have been resolved. *See, e.g., Wells Dairy, Inc. v. The Travelers Indemnity Co. Of Illinois*, 241 F.Supp.2d 945 (N.D. Iowa 2003); *Stone & Webster Management Consultants, Inc. v. The Travelers Indemnity Co.,* 1996 WL 539840, at *2 (S.D.N.Y. Sept. 24, 1996); *National Chiropractor Mut. Ins. Co. v. Doe*, 23 F.Supp.2d 209 (D. Alaska 1998); *Montrose Chem. Corp. of Cal. v. The Superior Court of Los Angeles County*, 225 Cal. App. 4th 902, 904 (Cal.Ct.App. 1994); *Aetna Cas. & Sur. Co. v. Kelly*, 889 F.Supp. 535, 541-42 (D.R.I. 1995); *Allstate Ins. Co. v. Novak*, 313 N.W.2d 636, 639 (Neb. 1981); *Empire Fire & Marine Ins. Co. v. Clarendon Ins. Co.*, 642 N.E.2d 790, 793 (Ill. App. Ct. 1994). Travelers attempt to distinguish these cases and points out that none are from the Fifth Circuit. However, the undersigned finds that the cases are instructive and that no Fifth Circuit case rejects the general principles regarding declaratory judgments in insurance cases. Plaintiff has set forth no authority which would prevent this Court from delaying the requested discovery.

Plaintiff contends that the Kuhlman Defendants have shown no actual prejudice or proof that prejudice will occur if they are required to engage in discovery regarding the settled UEMs or the UEMs still being litigated. The undersigned has considered the principles construed in the cases and finds that *any* risk of prejudice would justify the

delay; it is unnecessary for actual prejudice to be articulated.  Accordingly, the Court finds that the motion to compel should be denied as to the responsive documents regarding the indemnity related discovery on the thirty *settled* Mississippi UEMs and the four cases still being litigated.

As to the Michigan site, the motion to compel shall also be denied for the reasons set forth in the Kuhlman Defendants' Supplemental Memorandum, document 199, pages 16-21.  The Court concludes that the relevance of the discovery requested is tangential at best, and any probative value it may offer is outweighed by the burden and expense which would be involved in production.

Any remaining non indemnity-related discovery shall move forward.  The Kuhlman Defendants have agreed to produce certain documents and interrogatory responses, and they shall do so.  The Court shall not set forth all of the discovery requests individually and attempt to determine which individual request is not indemnity related.  If there are controversies remaining after counsel consider the parameters of this Order, those specific issues may be brought before the undersigned.

The undersigned would hope that all discovery could be concluded in time to adhere to the current scheduling order set by Judge Wingate.  Hence, the discovery regarding the underlying UEMs shall only be delayed for sixty days at this time in order to see if the pending UEMs have settled.  A status conference shall then be conducted in order to determine how this case should proceed.

IT IS THEREFORE ORDERED:

1. That "Plaintiff The Travelers Indemnity Company's Renewed Motion to Compel Discovery" [#188] filed on December 12, 2008, is **denied** as set

forth above. A protective order is hereby entered relieving The Kuhlman Defendants from responding to discovery relating to the Crystal Springs site until all of the underlying tort claims are resolved.

2. The motion is denied without prejudice, and a telephonic status conference is set before the undersigned on June 24, 2009, at 9:30 a.m. The relief sought by Travelers may be reconsidered at that time if the underlying UEMs have not been concluded.

SO ORDERED, this the 20th day of April, 2009.


/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE